1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

14    STEVEN BERNARD BROOKS,                    CV F   06 489 AWI SMS P

15                         Plaintiff,
                                                ORDER DISMISSING COMPLAINT WITH
16         v.                                   LEAVE TO AMEND (Doc.1)

17
       U.S.A., et. al.,
18
                         Defendants.
19    _____/

20
            Steven Bernard Brooks ("Plaintiff") is a federal prisoner proceeding pro se in this civil
21
      action.  Plaintiff seeks relief pursuant to the Federal Tort Claims Act and California Tort Law.
22
      **A.  SCREENING REQUIREMENT**
23
            The court is required to screen complaints brought by prisoners seeking relief against a
24
      governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
25
      court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
26
      "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
27
      monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
28

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13  **B.  SUMMARY OF COMPLAINT**

14         Plaintiff has filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346,

15  and California Tort Law and names the United States of America, the Bureau of Prisons and the

16  Geo Group as Defendants.  The Complaint alleges that while incarcerated at Taft Correctional

17  Institution ("TCI"), the Bureau of Prisons and TCI implemented policy which precluded root

18  canals.  As a result, Plaintiff, who had been informed that a root canal was necessary, was not

19  able to have the necessary root canal and feared that he would ultimately lose his teeth.  Plaintiff

20  is seeking compensatory and punitive damages.

21  **C.  CLAIMS FOR RELIEF**

22         *1.  Federal Tort Claims Act*

23         The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, waives the

24  sovereign immunity of the United States for certain torts committed by federal employees.

25  FDIC v. Meyer, 114 S.Ct. 996, 1000 (1994). The FTCA provides that district courts have

26  exclusive jurisdiction of civil actions against the United States for money damages "for injury or

27  loss of property, or personal injury or death caused by the negligent or wrongful act or omission

28  of any employee" of the federal government while acting within the scope of his office or

1   employment. 28 U.S.C. § 1346(b).  The timely filing of an administrative claim is a jurisdictional

2   prerequisite to the bringing of a suit under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640

3   (9th Cir.1980) (*citing* 28 U.S.C. § 2675). A claim may not be filed in federal court until the

4   plaintiff has received a final denial of the claim from the appropriate agency. Id.

5         In this case, Plaintiff has alleged no facts indicating that he exhausted his administrative

6   remedies prior to filing this FTCA claim.  Accordingly, the claim must be DISMISSED for lack

7   of jurisdiction.[1]

8         The Court notes further that Plaintiff has named the Bureau of Prisons and the Geo Group

9   as Defendants.  However, the United States is the only proper defendant in a suit brought

10  pursuant to the FTCA.  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir.1998);  Kennedy v. United

11  States Postal Serv., 145 F.3d 1077, 1078 (9th Cir.1998). "A claim against [a federal agency] in

12  its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078.   Nor is an

13  agency a proper defendant under the FTCA. Craft, 157 F.3d at 706 (*citing* Shelton v. United

14  States Customs Serv., 565 F.2d 1140, 1141 (9th Cir.1977)).

15  ### 2. California Tort Claims Act

16        California's Tort Claims Act requires that a tort claim against a public entity or its

17  employees be presented to the California Victim Compensation and Government Claims Board,

18  formerly known as the State Board of Control, no more than six months after the cause of action

19  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).  Presentation of a

20  written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

21  Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13

22  Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

23  (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege

24  compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at

25  124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

26

27         [1]Plaintiff should note that a claim under the FTCA is barred unless it is presented in writing to the
28  appropriate federal agency "within two years after such claim accrues."  United States v. Kubrick, 444 U.S. 111, 113
    (1979) (*quoting* 28 U.S.C. § 2401(b)).

1   Dept., 839 F.2d 621, 627 (9th Cir. 1988).

2       As in the above, Plaintiff fails to allege compliance with the California Tort Claims Act.

3   Accordingly, the Court lacks jurisdiction over his claim.

4   **D.  CONCLUSION**

5       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

6   can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

7   time to file an [   ] Amended Complaint curing the deficiencies identified above should he wish

8   to do so.

9       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

10  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

11  1980).  The Amended Complaint must specifically state how each Defendant is involved.

12  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

13  connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

14  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

15  F.2d 740, 743 (9th Cir.  1978).

16      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

17  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

18  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

19  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

20  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

21  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

22  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

23  appropriate case number, and be an original signed under penalty of perjury.

24  **E.  ORDER**

25      The Court HEREBY ORDERS:

26      1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

27              complaint form;

28      2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

1     from the date of service of this order, Plaintiff SHALL:

2         a.      File an Amended Complaint curing the deficiencies identified by the Court

3                 in this Order, or

4         b.      Notify the Court in writing that he does not wish to file an Amended

5                 Complaint and pursue the action but instead wishes to voluntary dismiss

6                 the case.

7     Plaintiff is forewarned that his failure to comply with this Order may result in a

8  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

9  IT IS SO ORDERED.

10 **Dated:    May 2, 2006**                          **/s/ Sandra M. Snyder**
   icido3                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28