1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BERNARD BROOKS, | 1:06-cv-00489-AWI-SMS-PC |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS |
| vs. | ORDER FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE AND |
| UNITED STATES OF AMERICA, et al., | FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND |
| | RETURN WITHIN THIRTY DAYS |
| Defendants. | (Doc. 8) |
| | ORDER DIRECTING CLERK TO SEND |
| | SERVICE DOCUMENTS TO PLAINTIFF |
| _____/ | |

Steven Bernard Brooks ("plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, commenced this civil action pursuant to the Federal Tort Claims Act ("FTCA") and California law on April 25, 2006. The court screened the complaint and issued an order dismissing it with leave to amend on May 3, 2006. On May 25, 2006, plaintiff filed an amended complaint in which he names the United States of America ("USA") and the Geo Group ("GEO") as defendants.

## A.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

9  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

10  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  **B. SUMMARY OF AMENDED COMPLAINT**

16       Plaintiff has filed an amended complaint pursuant to the FTCA, 28 U.S.C. § 1346,  and

17  California state law, and plaintiff names the USA and GEO as defendants.  The amended

18  complaint alleges that while plaintiff was incarcerated at the Taft Correctional Institution

19  ("TCI"), the Bureau of Prisons ("BOP") and TCI implemented policy denying root canals to

20  inmates under certain conditions.  Plaintiff alleges that as a result, he was denied a root canal

21  needed to save his tooth, suffered pain and mental anguish, and ultimately lost the tooth.

22  Plaintiff is seeking compensatory and punitive damages.

23  **C. CLAIMS FOR RELIEF**

24       *1.    Federal Tort Claims Act*

25       The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the

26  United States for certain torts committed by federal employees.   FDIC v. Meyer, 114 S.Ct. 996,

27  1000 (1994).  The FTCA provides that district courts have exclusive jurisdiction of civil actions

28  against the United States for money damages "for injury or loss of property, or personal injury or

death caused by the negligent or wrongful act or omission of any employee" of the federal

government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

A claim under the FTCA is barred unless it is presented in writing to the appropriate

federal agency "within two years after such claim accrues." United States v. Kubrick, 444 U.S.

111, 113 (1979) (quoting 28 U.S.C. § 2401(b)).  The timely filing of an administrative claim is a

jurisdictional prerequisite to the bringing of a suit under the FTCA. Gillespie v. Civiletti, 629

F.2d 637, 640 (9th Cir.1980) (citing 28 U.S.C. § 2675).   A claim may not be filed in federal

court until the plaintiff has received a final denial of the claim from the appropriate agency. Id.

Plaintiff alleges that he exhausted his administrative remedies under the FTCA for his

claim against the USA by presenting a timely personal injury claim to the BOP and receiving a

letter rejecting the claim on November 4, 2005.  Plaintiff filed the instant action on April 25,

2006, within six months of his alleged receipt of the rejection letter.

### 2.	*Supplemental Jurisdiction*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

action within such original jurisdiction that they form part of the same case or controversy under

Article III," except as provided in subsections (b) and ©.  "[O]nce judicial power exists under §

1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district

court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

trial, . . . the state claims should be dismissed as well." United Mine Workers of America v.

Gibbs, 383 U.S. 715, 726 (1966).

Here, the court has original jurisdiction over plaintiff's claim against the USA arising

under the FTCA.  28 U.S.C. § 1331.  Plaintiff claims that the USA was negligent in approving a

dental policy, TCI Policy 514.1, for implementation at TCI which caused plaintiff to suffer pain,

mental anguish and the unnecessary loss of a tooth.  Plaintiff claims that GEO was negligent in

3

1   implementing TCI Policy 514.1, which caused plaintiff to suffer the same injuries.  The court

2   finds the state law claims against GEO in this action to be clearly supplemental to the federal

3   claims against the USA, because approval of the dental policy led directly to implementation of

4   the dental policy, which allegedly led to plaintiff's injuries.

5                              ***b.     California Tort Claims Act***

6       California's Tort Claims Act requires that a tort claim against a public entity or its

7   employees be presented to the California Victim Compensation and Government Claims Board,

8   formerly known as the State Board of Control, no more than six months after the cause of action

9   accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).  Presentation of a

10   written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

11   Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13

12   Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

13   (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege

14   compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at

15   124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

16   Dept., 839 F.2d 621, 627 (9th Cir. 1988).

17       Plaintiff alleges that he has exhausted his administrative remedies under the CTCA for

18   his claim against GEO.  Plaintiff alleges that he submitted a claim to TCI and GEO on official

19   forms and received denials from both entities.  Plaintiff asserts that GEO is not a public entity

20   and therefore, plaintiff is not required to submit a claim to the California Victim Compensation

21   and Government Claims Board before bringing the instant action.

22                             ***c.     Negligence***

23       In an action under the FTCA, the court must apply the law state courts would apply in an

24   analogous tort action, including federal law.  28 U.S.C. §§ 1346, 2671 et seq.; Goodman v.

25   United States, 298 F.3d 1048, 53 Fed. R. Serv. 3d 106 (9th Cir. 2002).  Under California law, a

26   public employee is liable for injury to a prisoner "proximately caused by his negligent or

27   wrongful act or omission."  Cal. Gov't Code § 844.6(d).  "In order to establish negligence under

28   ///

1  California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3)

2  causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

3      Plaintiff is a federal prisoner incarcerated at TCI located in Taft, California, where the

4  events at issue allegedly occurred.  Plaintiff alleges in the amended complaint that defendant

5  USA, in operating the federal prison system by and through the BOP, is responsible for

6  plaintiff's care as a federal prisoner as defined in 18 U.S.C. § 4042.  Plaintiff alleges that

7  defendant GEO is a private company that contracts with the BOP to house federal inmates at

8  TCI.  Plaintiff alleges that through this contract, GEO assumed a duty of care and full

9  responsibility for the health and safety of TCI inmates.

10     Plaintiff alleges that in 1996, defendant USA/BOP entered into a contract with GEO

11 whereby the USA/BOP allowed GEO to house federal prisoners at TCI under the condition that it

12 did so in accordance with a document entitled Statement of Work ("SOW").  Plaintiff alleges that

13 pursuant to the above contract and SOW, the USA/BOP specifically allowed GEO to create and

14 implement its own policies to govern dental care to be provided to TCI inmates.  Plaintiff alleges

15 that in doing so, the USA/BOP directed attention to BOP Program Statement 6005[1], which

16 governs dental care to be provided to similarly situated federal inmates in BOP-run facilities, as a

17 guideline for acceptable dental treatment for TCI inmates.  Plaintiff alleges that under SOW, the

18 USA/BOP hired a Contracting Officer, Ray Marshall, to negotiate, award, administer, or

19 terminate contracts on behalf of the USA/BOP.  Plaintiff alleges that Ray Marshall approved TCI

20 Policy 514.1 to govern dental care at TCI.  Plaintiff alleges that TCI Policy 514.1, in sharp

21 contrast to BOP PS 6005, "precludes root canals on back, two root, teeth, and apioectomies (*sic*)

22 (or treatment for failing root canals) on any teeth, and only allows for extractions in such

23 situations" unless an inmate can secure an outside dentist and pay any costs associated with the

24 treatment, transportation and security.

25 ///

26

27      [1]According to plaintiff, BOP PS 6005.5 mandates that inmates housed by the BOP receive root canals and
28 apioectomies (treatment for failing root canals) when these procedures are medically viable options to save an
   inmate's teeth.

Plaintiff alleges that he arrived at TCI on or about April 1, 2002.  Plaintiff alleges that on April 16, 2002, after a dental examination prompted by severe pain due to an abscess forming above plaintiff's tooth #5, TCI's dentist, Dr Liu, informed plaintiff that he needed an apioectomy for a failing root canal.

Plaintiff alleges that on April 3, 2003, after an examination during which plaintiff complained of severe pain and an abscessed right jaw, Dr. Liu informed him that he urgently needed a root canal on his tooth #30.  Plaintiff alleges that Dr. Liu informed plaintiff that his teeth could be saved by an apioectomy and root canal treatment, but Dr Liu said he had no choice but to recommend extraction because TCI Policy 514.1 only allowed extractions for TCI inmates in such situations.  Plaintiff alleges he refused the extraction because he did not want to unnecessarily lose any of his teeth.  Plaintiff alleges that by November 11, 2003, the infection and pain had spread considerably, and plaintiff was forced to have his tooth #30 extracted by Dr. Liu.

Plaintiff alleges that since April 16, 2002, he has suffered severe mental and physical pain due to the condition of his tooth #5.  Plaintiff alleges that he is unable to eat properly, the infection has spread, and his teeth have degenerated.  Plaintiff alleges he has not allowed staff at TCI to pull his tooth #5 for the same reasons he refused extraction of tooth #30.

**D. CONCLUSION AND ORDER**

Based on the above allegations, construing the pleading in the light most favorable to the plaintiff, the court finds plaintiff sufficiently states cognizable claims for relief against the USA for negligence under the FTCA and California law, and against GEO for negligence under California law.  Accordingly, IT IS HEREBY ORDERED that:

1.   Service is appropriate for the following defendants:

UNITED STATES OF AMERICA

THE GEO GROUP

2.   The Clerk of the Court shall send plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the amended complaint filed May 25, 2006.

3.    Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a.    Completed summons;

   b.    One completed USM-285 form for each defendant listed above; and

   c.    Three (3) copies of the endorsed amended complaint filed May 25, 2006.

4.    Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.    The failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    January 10, 2008**              **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE

7