UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BERNARD BROOKS,<br><br>         Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | 1:06-cv-00489-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS BE GRANTED (Doc. 24.)<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff, Steven Bernard Brooks ("plaintiff") is a federal prisoner proceeding pro se with this civil action pursuant to the Federal Tort Claims Act ("FTCA") and California tort law.  Plaintiff filed the original complaint on April 25, 2006.  (Doc. 1.)  On May 3, 2006, the court dismissed the complaint for lack of jurisdiction, with leave to amend.  (Doc. 4.)  On May 25, 2006, plaintiff filed the First Amended Complaint, upon which this action proceeds.  (Doc. 8.)

On January 1, 2008, the court found that the First Amended Complaint stated cognizable claims against the United States of America ("USA") under the FTCA, and against the Geo Group ("GEO") under California law.  (Doc. 9.)  On February 21, 2008, the court ordered the United States Marshal to serve process on defendants.  (Doc. 12.)  On May 5, 2008, GEO filed a motion to dismiss, which was

///

1

1  granted on October 20, 2008, dismissing GEO from this action.  (Docs. 15, 32, 33.)   This action now
2  proceeds only against the USA for tort liability under the FTCA.[1]

3  On July 9, 2008, the USA filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of
4  the Federal Rules of Civil Procedure, and the motion is now before the court.  (Doc. 24.)  On August 4,
5  2008, plaintiff filed an opposition.  (Doc. 26.)

**II.     MOTION TO DISMISS**

     **A.     Rule 12(b)(1) Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted).  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal for lack of subject matter jurisdiction.  In a facial attack, the allegations in Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  Further, the complaint must be construed liberally because Plaintiff is proceeding pro se.  Id. In a factual, or subject matter, attack under Rule 12(b)(1), "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. U.S., 850 F.2d 558, 560 (9 Cir. 1988); see, e.g., Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947).  In a factual attack, the district court need not presume the truthfulness of plaintiff's allegations.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Under Article III, federal courts have jurisdiction over cases that arise under the laws of the United States, including federal statutes.  U.S. Const. art. III § 2.  The FTCA was enacted by federal statute and provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the

///

---

[1] Defendant BOP, named as a defendant in the original complaint, was omitted by plaintiff in the First Amended Complaint.  (Doc. 8.)  Defendant GEO and plaintiff's claims under the California Tort Claims Act were dismissed via defendant GEO's motion to dismiss on October 20, 2008.  (Docs. 32, 33.)

2

negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b), 2671-2680.

### B. Rule 12(b)(6) Failure to State a Claim

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Fed. R. Civ. P.12(b)(6); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no

set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt.

## III.     DEFENDANT'S ARGUMENTS

### A.     No Liability for Torts of Independent Contractors

The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the detailed physical performance and day to day operations of the contractor." Hines v. United States, 60 F.3d 1442, 1446 (9th Cir. 1995) (quoting Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993)); United States v. Orleans, 425 U.S. 807, 814-15 (1976). Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government. Logue v. United States, 412 U.S. 521, 531 (county employees under a contract to house federal prisoners); Maryland v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965) (state national guard civilian employees maintaining federally-owned aircraft); Orleans, 425 U.S. at 807 (community action agency funded under a federal program); Hines, 60 F.3d at 1447 (driver of trucking company not employee of United States Postal Service).

Defendant USA argues that TCI is an independent contractor and therefore, the USA is not liable for actions of TCI under the FTCA. In his opposition, plaintiff responds that he is not attempting to hold the government responsible for the acts of an independent contractor. Plaintiff states that the present action is an FTCA suit against the USA for a tort committed by a government employee, not an independent contractor, who negligently approved a GEO dental policy, resulting in plaintiff's injuries.

Plaintiff has not named TCI as a party in the amended complaint, and no other independent contractor remains in this action.[2] Therefore, the court concurs that this action should not be dismissed based on the FTCA's exclusion of independent contractors.

---

[2] The GEO Group, which contracts with the USA to house federal inmates, was dismissed as a party on October 20, 2008.

4

### B.     USA Has Sovereign Immunity Over Constitutional Tort Claims

It is well established that the United States has immunity from suit without its own permission. See Kawananakoa v. Polyblank, 205 U.S. 349, 352 (1907). "The doctrine of sovereign immunity precludes suit against the United States without the consent of Congress; the terms of its consent define the extent of the court's jurisdiction." Sisseton-Wahpeton Sioux Tribe v. United States of America, 895 F.2d 588, 592 (9th Cir. 1990). "[T]he United States may not be sued without its consent, and the existence of consent is a prerequisite for jurisdiction." U.S. v. Mitchell, 463 U.S. 206, 212 (1983). The plaintiff bears the burden of demonstrating waiver [of jurisdiction], and this waiver must be unequivocal. Cato v. United States, 70 F.3d 1103, 1007 (9th Cir. 1995). A constitutional tort claim against the United States, agencies of the United States, or federal agents in their official capacity under 28 U.S.C.A. § 1346 is not cognizable because that section does not provide a cause of action for such a claim. See FDIC v. Meyer, 510 U.S. 471 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato, 70 F.3d at 1110.

Defendant USA argues that plaintiff's constitutional claims, if any, must be dismissed because the USA has not waived immunity over them.[3] Plaintiff responds that he has not brought a constitutional tort claim in the present action. Plaintiff states that on the contrary, he brings a claim against the USA under the FTCA, claiming that the USA, via an employee of the BOP, breached its duty of care.

Defendant's argument has merit if plaintiff brings a constitutional tort claims. However, plaintiff asserts that he is not bringing a constitutional tort claim against defendant USA in this action. Therefore, the court finds defendant's motion to dismiss plaintiff's constitutional tort claims to be moot.

### C.     Claims Are Time-Barred Under 28 U.S.C. §2401(b)

Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b) (*emphasis added*).

///

---

[3] Defendant USA notes that plaintiff has not clearly pled as a separate cause of action a claim against the USA for violation of his rights under the Fifth and Eighth Amendments of the United States Constitution.

5

The USA argues that all of plaintiff's claims that pre-date the November 1, 2005 presentation of his administrative tort claim by more than two years should be dismissed as time-barred. Thus, the USA argues that because plaintiff presented his administrative tort claim to the BOP on November 1, 2005, any and all of plaintiff's allegations pertaining to the time period prior to November 1, 2003 should be dismissed as time-barred, because they arose more than two years prior to the claim.

In opposition, plaintiff argues that the alleged tort involved in this action constitutes a "continuing" tort that tolls the limitations period as set forth in §2401(b) under the continuing tort doctrine, because plaintiff suffered mental and physical pain for a number of years that culminated in the loss of plaintiff's tooth.

The continuing tort doctrine is a well-recognized doctrine that is "applicable to constitutional as well as statutory violations." Cato, 70 F.3d at 1108-09; Sisseton-Wahpeton Sioux Tribe, 895 F.2d 588; Williams v. Owens-Illinois, Inc., 665 F.2d 918 (9th Cir. 1982). Under the continuing tort doctrine, the statute of limitations doesn't begin to run when a tort involves continuing wrongful conduct, until that conduct ends. Flowers v. Carville, 310 F.3d 1118, 1126 (9th Cir. 2002)(citing Page v. United States, 729 F.2d 818, 821 (D.C. Cir.1984)). The doctrine applies where there is "no single incident" that can "fairly or realistically be identified as the cause of significant harm." Id. However, the doctrine "can't create jurisdiction, or help overcome jurisdictional hurdles, unless this plaintiff can sue the United States for the acts complained of." Cato, 70 F.3d at 1109. We therefore turn to the substantive basis upon which plaintiff suggests that his action is justiciable.

**D.    Plaintiff's Claim**

    **1.    Court's Duty to Screen**

Under the Prison Litigation Reform Act ("PLRA"), the court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. In this case, the screening function was performed by the court and an Order finding that Plaintiff sufficiently stated a cognizable claim for relief against the USA for negligence under the FTCA and California law was issued on January 10, 2008. (Doc. 9.) The court now takes a second look at plaintiff's claim against the USA.

### 2. **The Federal Tort Claims Act**

The Federal Tort Claims Act "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." 28 U.S.C. § 1346(b); FDIC, 510 U.S. at 477, *citing* Richards v. United States, 369 U.S. 1, 6 (1962). This category includes claims that are "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. A claim is actionable under § 1346(b) if it alleges all six elements. Id.

The Supreme Court has consistently held that §1346(b)'s reference to the "law of the place" means law of the State – the source of substantive liability under the FTCA. Id. at 478; also see, e.g., Miree v. DeKalb County, 433 U.S. 25, 29, n. 4 (1977); United States v. Muniz, 374 U.S. 150, 153 (1963); Richards, 369 U.S. at 6-7; Rayonier, Inc. V. United States, 352 U.S. 315, 318 (1957). In this case, the law of the State is the law of California. Therefore, in this case, the United States can only be liable under the FTCA for actions of an employee who violates California tort law.

### 3. **Discussion**

In the Amended Complaint, plaintiff alleges that the USA is liable under the FTCA for the actions of its employee, Ray Marshall, based on his approval of a policy which governs dental care at TCI. Plaintiff alleges that because of Ray Marshall's actions, the USA violated a duty to plaintiff which arose under 18 U.S.C. § 4042, a federal statute which requires the Bureau of Prisons to provide for the safekeeping and protection of certain federal detainees. 18 U.S.C. § 4042(a)(2). As such, plaintiff is attempting to find the USA liable for breach of a duty arising under federal law, not State law, and such a claim does not fall within the terms of the FTCA. Therefore, the court finds that plaintiff's claim fails as a matter of law, and the case should be dismissed in its entirety for failure to state a claim.

///

///

7

### E. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court finds that plaintiff's claim against the USA fails as a matter of law and should be DISMISSED. Accordingly, the court RECOMMENDS that:

1. Defendant USA's motion to dismiss be GRANTED;
2. This action be DISMISSED in its entirety for failure to state a claim upon which relief may be granted; and
3. The Clerk be DIRECTED to close this case.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2009              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

8